**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

WILLIAM D. ALLEN,

Plaintiff,

v.

CAUSE NO. 3:26-CV-375-TLS-AZ

MANDY BONDY, et al.,

Defendants.

<u>OPINION AND ORDER</u>

William D. Allen, a prisoner without a lawyer, filed a complaint. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Allen alleges that he had two pending criminal matters in the Tippecanoe Superior Court: 79D02-1903-F2-12 and 79D05-1911-F6-1298. He posted bond in those cases for the purpose of resolving criminal matters in Illinois, and the Illinois Department of Correction incarcerated him from March 2021 to July 2022. On April 28, 2022, Defendants Bondy and Widner, employed by Tippecanoe County Community Corrections, filed a petition in Case No. 79D05-1911-F6-1298. In that petition, they represented that they spoke with Defendant Donner, employed by Cook County in Illinois, who informed them that Allen's whereabouts were unknown. However, at that time, Allen was in transit from the Cook County Circuit Court

to an Illinois correctional facility, and Defendant Donner knew this. On July 15, 2022, the Tippecanoe Superior Court issued a warrant for Allen pursuant to the petition filed by Defendants Bondi and Widner in Case No. 79D05-1911-F6-1298. On July 17, 2022, Allen became aware of the warrant when the Illinois Department of Correction released him from custody, and Cook County detained him. Allen made several attempts to resolve the erroneous issuance of the warrant with the Tippecanoe Superior Court. However, the Tippecanoe Superior Court found that Allen had forfeited his bond payments and ordered him to be detained without bond. The issuance of the warrant also caused Cook County to detain him until May 16, 2024.

Allen asserts that the defendants violated his right to due process by depriving him of his bond payments and also violated his rights under the Equal Protection Clause by depriving him of procedural safeguards. The Fourteenth Amendment provides that State officials shall not "deprive any person of life, liberty, or property, without due process of law." For procedural due process claims, a plaintiff must show: (1) a deprivation of a protected liberty or property interest; and (2) the absence of constitutionally adequate procedural safeguards in connection with the deprivation. *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 870 (7th Cir. 2009). A State can fulfill its obligation to provide procedural due process by implementing a method by which an individual can seek appropriate remedies. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Indiana allows criminal defendants to object to bond forfeiture through motion practice and hearings at the trial court level and further allows them to appeal bond forfeiture orders. *See Flowers v. State*, 250 N.E.3d 507 (Ind. Ct. App. 2025); *Harris v. State*, 912 N.E.2d 432 (Ind. Ct. App. 2009). Allen does not suggest that he was unable to submit appropriate filings to the Indiana courts as a result of confinement in the Cook County Jail or otherwise; to the contrary, Allen alleges that he sought relief from the Tippecanoe County Court on numerous

occasions. It is thus unclear how the defendants' actions served to deprive Allen of any procedural safeguards. Therefore, he may not proceed on a claim under the Due Process Clause or the Equal Protection Clause on this complaint.

Allen also asserts an "abuse of process" claim under the Fourth Amendment because the defendants used information known to be incorrect in their petition to secure a warrant. But the Fourth Amendment protects against arrests and pretrial detention without probable cause to believe that an individual has committed a crime. *Manuel v. City of Joliet*, 580 U.S. 357, 368 (2017). Allen does not dispute that probable cause was established for his charged crimes in 79D02-1903-F2-12 and 79D05-1911-F6-1298. Consequently, it is unclear how the defendants' actions could have violated Allen's rights under the Fourth Amendment.

The court has also considered whether Allen is attempting to assert an abuse of process claim under State law. "The elements of abuse of process are 1) an ulterior purpose, and 2) a willful act in the use of the process not proper in the regular conduct of the proceeding." *Lindsay v. Jenkins*, 574 N.E.2d 324, 326 (Ind. Ct. App. 1991). Here, the allegations do not suggest that Defendants Bondi and Widner were aware of Allen's location or otherwise made any willful misrepresentations when they filed the petition. The allegations also do not suggest any personal participation by Defendant Donner in the Indiana criminal cases. This claim also appears to suffer from a lack of subject matter jurisdiction. Absent any valid federal claims, Allen may proceed on State claims only if there is a complete diversity of citizenship between him and the defendants. *See Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021); 28 U.S.C. §§ 1331, 1332, 1367. Here, Allen alleges that he and Defendants Bondi and Widner are all citizens of the State of Indiana. Consequently, Allen may not proceed on a claim under the Fourth Amendment or the State law claim of abuse of process based on these allegations.

Additionally, each of the claims appears to be untimely. The applicable statute of limitations requires plaintiffs to file lawsuits within two years of the date on which the injury occurred. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005); Ind. Code § 34-11-2-3. "The accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "[T]he standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Id.* Here, the allegations indicate that the wrongful conduct occurred on April 22, 2022, and that Allen became aware of it and suffered harm as a result beginning on July 22, 2022. Consequently, it appears that Allen's claims began to accrue on July 22, 2022. Allen did not file the complaint initiating this case until March 2, 2026. ECF 2 at 6. Because Allen filed the complaint nearly two years too late, his claims are untimely.

In conclusion, the complaint does not state a claim for which relief can be granted. If Allen believes he can state a valid claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS William D. Allen until **June 4, 2026**, to file an amended complaint; and

(2) CAUTIONS William D. Allen if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on May 4, 2026.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT