UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM D. ALLEN,

Plaintiff,

v.

MANDY BONDY, et al.,

Defendants.

CAUSE NO. 3:26-CV-375-TLS-AZ

OPINION AND ORDER

William D. Allen, a prisoner without a lawyer, filed an amended complaint. ECF 8-1. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the amended complaint, Allen alleges that he had two criminal matters in the Tippecanoe Superior Court: Case Nos. 79D02-1903-F2-12 and 79D05-1911-F6-1298. He posted bond in those cases for the purpose of resolving criminal matters in Illinois. On April 28, 2022, Defendants Bondy and Widner, employed by Tippecanoe County Community Corrections, filed a petition with the Tippecanoe Superior Court. In that petition, they falsely implied that they were unaware of Allen's location. The Tippecanoe Superior Court issued a warrant for Allen pursuant to this petition. As a result of the warrant, Allen was held without bond and without probable cause for a substantial period of time during the pendency of Case No. 79D02-1903-F2-

12. At sentencing, on August 28, 2024, the Tippecanoe Superior Court found that Allen had forfeited his bond payments based on the testimony of Defendants Bond and Widner.

Based on these allegations, Allen asserts a claim under the Fourteenth Amendment, contending that the defendants deprived him of a protected property interest by causing him to forfeit his bond payments. He also asserts that they violated his rights under the Equal Protection Clause by depriving him of procedural safeguards. The Fourteenth Amendment provides that State officials shall not "deprive any person of life, liberty, or property, without due process of law." For procedural due process claims, a plaintiff must show: (1) a deprivation of a protected liberty or property interest; and (2) the absence of constitutionally adequate procedural safeguards in connection with the deprivation. *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 870 (7th Cir. 2009) (citation omitted). As explained in the prior order (ECF 7), Allen cannot proceed on these claims because the allegations do not suggest that he was unable to avail himself of the procedural safeguards provided by the Tippecanoe Superior Court in connection with the forfeited bond, including the opportunity to be heard through motions or hearings. To the contrary, Allen alleges that the Tippecanoe Superior Court afforded him a bond review hearing.

Allen also asserts that the defendants violated his rights under the Fourth Amendment because the petition for a warrant resulted in his detention without probable cause. The Fourth Amendment protects against arrests and pretrial detention without probable cause to believe that an individual has committed a crime. *Manuel v. City of Joliet*, 580 U.S. 357, 368 (2017). Significantly, the electronic docket for the State courts[1] reveals that, in May 2022, the petition was filed and the arrest warrant was issued in Case No. 79D05-1911-F6-1298. In that case, Allen

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

pled guilty and was sentenced on September 3, 2021, which he did not appeal. Because Allen

pled guilty before the defendants filed the petition in Case No. 79D05-1911-F6-1298, it is not

plausible to infer that Allen was subsequently detained without probable cause. Moreover, this

period of post-conviction detention is beyond the purview of the Fourth Amendment, which

governs arrests and pretrial detention. Consequently, Allen cannot proceed on a Fourth

Amendment claim against the defendants. No other claims remain.

The court must "[grant] IFP plaintiffs leave to amend their complaints at least once when

Rule 15(a) would allow amendment in the case of fee-paying litigants." *Luevano v. Wal-Mart

Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013). However, the court has previously granted

Allen leave to amend after finding that the initial complaint did not state a claim upon which

relief could be granted. ECF 7. Therefore, the court will dismiss this case rather than granting

Allen an additional opportunity to amend the complaint.

For these reasons, the court DISMISSES this case under 28 U.S.C. § 1915A because the

amended complaint does not state a claim upon which relief can be granted.

SO ORDERED on June 11, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

3